GREENBERG TRAURIG, LLP
J. Rick Taché (CA Bar No. 195100)
    (tacher@gtlaw.com)
Susan S. Heller (CA Bar No. 160539)
    (hellers@gtlaw.com
Shaun A. Hoting (CA Bar No. 260656)
    (hotings@gtlaw.com)
Erikson C. Squier (Bar No. 275274)
    (squiere@gtlaw.com)
3161 Michelson Drive, Suite 1000
Irvine, California 92612
Telephone: (949) 732-6500
Facsimile:  (949) 732-6501

Attorneys for Plaintiff
Too Faced Cosmetics, LLC

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOO FACED COSMETICS, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISLIE FORMULATIONS, LLC, a California limited liability company and BBEAUTIFUL, LLC, a California limited liability company,<br><br>Defendants. | CASE NO. _____<br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>(1) Federal Trade Dress Infringement / Unfair Competition Under 15 U.S.C. § 1125(a)<br>(2) Common Law Trade Dress Infringement<br>(3) False Advertising in Violation of Cal. Bus. & Prof. Code § 17500, *et seq.*<br>(4) Unfair Business Practices in Violation of Cal. Bus. & Prof. Code § 17200, *et seq.*<br>(5) Common Law Copyright Infringement<br>(6) Unjust Enrichment<br>(7) Demand for Accounting<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Too Faced Cosmetics, LLC ("Too Faced" or "Plaintiff") complains and alleges as follows against Defendants Chrislie Formulations, LLC ("Chrislie") and BBeautiful, LLC ("BBeautiful") (collectively, "Defendants"):

## NATURE OF ACTION

1. This is an action for federal trade dress infringement and federal unfair competition, arising under the laws of the United States, 15 U.S.C. § 1125(a), California common law, and California Business & Professions Code §§ 17200 and 17500, *et seq.*, copyright infringement, arising under California common law, unjust enrichment, and a demand for accounting.  Plaintiff seeks damages, attorneys' fees, costs, pre-judgment and post-judgment interest, and preliminary and permanent injunctive relief.

## PARTIES

2.   Plaintiff Too Faced is a Delaware limited liability company with a principal place of business at 17361 Armstrong Avenue, Irvine, California, 92614.

3.   Plaintiff is informed and believes that Defendant Chrislie is a California limited liability company with a principal place of business at 1361 Mountain View Circle, Azusa, CA 91702.

4.   Plaintiff is informed and believes that Defendant BBeautiful is a California limited liability company with a principal place of business at 1350 Mountain View Circle, Azusa, CA 91702.  Upon information and belief, Defendant BBeautiful is a related entity to Chrislie for marketing, advertising, promoting, importing, offering for sale, and/or selling the cosmetics products as described in further detail below.

## JURISDICTION AND VENUE

5.   This action arises under the Lanham Act, 15 U.S.C. § 1125(a), conferring subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), and supplemental jurisdiction on Plaintiff's state law claims under 28 U.S.C. § 1367(a).

6.   This Court has personal jurisdiction over Defendants based upon the following: (a) both Defendants' principal place of business being in this District; (b) both Defendants

transacting business in and maintaining continuous and systematic contacts with this District and the State of California; (c) both Defendants having committed acts of trade dress infringement and/or contributed to or induced those acts of trade dress infringement by others in this District and elsewhere in California and the United States; (d) both Defendants having committed acts of copyright infringement; and (e) both Defendants having committed false advertising and unfair competition in this District and elsewhere in California and the United States.

7.   Venue is proper in the United States District Court for the Central District of California under 28 U.S.C. §§ 1391(b) and 1400(a) as both Defendants conduct business in this District and the unlawful acts of Defendants were committed within this District and have, had, or will have effect in this District.

## FACTUAL ALLEGATIONS

**TOO FACED'S "THE LITTLE BLACK BOOK OF BRONZERS" COSMETICS**

8.   Too Faced is a world-renowned cosmetics manufacturer that markets its popular, prestige cosmetics line to specialty retailers, both in the United States and worldwide.

9.   Too Faced is fiercely protective of the superior quality and luxury, as well as innovation, that its brand has come to represent, sourcing only the finest ingredients for its makeup and closely monitoring the manufacturing and packaging of its products. Each product represents a strong marriage of creative genius and skilled production.

10.   To preserve the goodwill in its brand, Too Faced strives to employ distribution channels befitting of a prestige line, selling its products solely in popular, specialty retail brick and mortar and online stores.

11.   Included in Too Faced's prestige line are its popular makeup palettes that allow consumers to create a distinctive look, one such palette being The Little Black Book of Bronzers ("The Book of Bronzers"), as shown below:

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF



12.    Too Faced originally launched this game-changing product on or about March 2015 and The Book of Bronzers became an instant success, currently having sold over 72,000 units to retail stores.

13.    The success of The Book of Bronzers is due in part to Too Faced's unique and recognizable development of its brand with a fun, young, provocative, and sexy image. In addition to the name itself, "The Little Black Book of Bronzers," the form of the product as a book of cosmetics stands out in the marketplace as a unique and eye-catching form for selling cosmetics.  This distinctive form, along with its corresponding artwork and creative titles corresponding to the specific cosmetic bronzers contained within, are consistent with this image, suggesting flirty themes that conflate The Book of Bronzers with a woman's private or personal notebook that would contain a variety of options for the woman to choose among for a given day or occasion.

14.    The strong and distinctive look of The Book of Bronzers was original and characteristic of Too Faced's brand image.  Other cosmetics manufacturers have not created or sold bronzers in a book format.  Even more particularly, other cosmetics manufacturers have not sold bronzers in a book format using the unique font, color schemes, two-dimensional ("2D") artwork, packaging, number of bronzers, titles of

bronzers, placement and configuration of bronzers and other design elements, and product description as originally created by Too Faced and used in The Book of Bronzers, for example, as shown below:



15.    This distinctive and unique appearance in the non-functional packaging of The Book of Bronzers is prominently displayed and advertised at the point of sale and is designed to attract the consumer's eye, as evidenced by numerous customer comments at various retailers, including Sephora,[1] one example shown below and other examples included in **Exhibit "A"**.

---

[1] Sephora Customer Reviews:  http://www.sephora.com/the-little-black-book-bronzers-P395670#pdp-reviews

16.    The goodwill generated by Too Faced's creative and innovative marketing, including the trade dress in The Book of Bronzers, is highly valuable in the market as it makes Too Faced's products instantly recognizable and desirable to consumers.

17.    Too Faced has continuously expended substantial resources to create, market, advertise, distribute, and sell The Book of Bronzers as part of its prestige cosmetics line.

18.    The value of Too Faced's The Book of Bronzers is dependent, in part, upon the fixed number of authorized high quality products in distribution, and the exacting control Too Faced exercises over the channels of distribution.

19.    The substantial trade dress incorporated in The Book of Bronzers, Too Faced's text, photograph(s), and 2D artwork on the exterior and interior packaging and product of The Book of Bronzers also makes it wholly original and copyrightable subject matter under the laws of the United States.

20.    Since The Book of Bronzers was created, Too Faced has been, and still is, the sole author and exclusive holder of all rights, title, and interest in and to the copyright of The Book of Bronzers.

**TOO FACED'S "CAT EYES" COSMETICS**

21.    In addition to The Book of Bronzers, Too Faced also includes in its prestige cosmetic line a second palette, named Cat Eyes (collectively with The Book of Bronzers, "Too Faced's Products"), as shown below:



22.     Like The Book of Bronzers, upon its creation and introduction to the market on or about June 2014, Cat Eyes also became a wild success, currently having sold over 111,000 units to retail stores.

23.     This success of Cat Eyes is again due in part to the unique and recognizable development by Too Faced of its brand as fun, young, and sexy.  The name, "Cat Eyes," in addition to the form of the product as an eye-catching tin, stands out in the marketplace.  In addition, the corresponding artwork contained within the tin container is consistent with this image, suggesting flirty themes that conflate Cat Eyes with the theme of an exotic, ferocious, and provocative female.

24.     The strong and distinctive look of Cat Eyes is original and characteristic of Too Faced's brand image.  Other cosmetic manufacturers have not created or sold eye palette cosmetics in a tin case format.  Even more particularly, other cosmetic manufacturers have not sold eye palette cosmetics in a tin case format using the unique font, color schemes, 2D artwork, packaging, number of cosmetic wells, titles of cosmetic wells, placement and configuration of cosmetic wells and other design elements, and product description as originally created by Too Faced and used in Cat Eyes, for example, as shown below with tin having a 9-cosmetic well layout, having 3 large wells and 6 small wells:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16





25.   This distinctive, unique appearance in the non-functional packaging of Cat Eyes is prominently displayed and advertised at the point of sale and catches the consumer eye, as evidenced by numerous customer comments at various retailers, including Sephora,[2] one example shown below and other examples included in **Exhibit "B"**.

| AnnᴏOH | ★★★★★  good quality - 08.03.14 |
|---|---|
| | I'm not going to lie and said I researched this product, it was a 100% impulsive buy for the packaging. That being said I was surprised at how pretty the colors were. I particularly like the blue and purple ones but the metallics have good staying power and I haven't experienced fall out with a primer (I use the too faced one) I will say it doesn't have any mattes, which is not a deal breaker for me because I love shimmers but it might be for someone who only wears matte. |
| | Was this review helpful?   YES (6)   NO (0) |

---

[2] Sephora Customer Reviews:  http://www.sephora.com/cat-eyes-palette-P387590?skuId=1626027#pdp-reviews

8                                    COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

26.   The goodwill generated by Too Faced's creative and innovative marketing, including the trade dress in Cat Eyes, is highly valuable in the market as it makes Too Faced's products instantly recognizable and desirable to consumers.

27.   Too Faced has continuously expended substantial resources to create, market, advertise, distribute, and sell the Cat Eyes as part of its prestige cosmetics line.

28.   The value of Too Faced's Cat Eyes is dependent, in part, upon the fixed number of authorized high quality products in distribution.

29.   In addition to the substantial trade dress incorporated in Cat Eyes, Too Faced's text, photograph(s), and 2D artwork on the exterior and interior packaging and product of Cat Eyes also makes it wholly original and copyrightable subject matter under the laws of the United States.

30.   Since Cat Eyes was created, Too Faced has been, and still is, the sole author and exclusive holder of all rights, title, and interest in and to the copyright of Cat Eyes.

**DEFENDANTS INFRINGE UPON TOO FACED'S UNIQUE PRODUCTS**

31.   Defendants compete with Too Faced by offering the same types of cosmetic products to Too Faced's current and potential customers.

32.   Too Faced is informed and believes that Defendants began knowingly and willfully copying the distinctive and non-functional look and design elements of The Book of Bronzers, without obtaining authorization or license from Too Faced, in order to create, develop, market, and distribute unauthorized and infringing low quality products branded as "The Bronze Book." These look and design elements are neither commonplace in the industry, inexpensive compared to alternative designs, nor the only way to package or promote cosmetic products, as evidenced by The Book of Bronzers being entirely unique in its look and feel.

33.   Defendants' The Bronze Book product contains the same trade dress features that were originally created by Too Faced for its The Book of Bronzers product, including, but not limited to, the same or confusingly similar font, color schemes, and 2D artwork

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

on the cover of the product - as evidenced by the copied use of pink color and placement for the brand name ("Too Faced" vs "Measurable Difference") - golden wafer aesthetic element in the lower center of the cover, the pink, italicized, and cursive font for portions of the book title ("The little" vs "The"), and the golden, block-lettering font for remaining portions of the book title ("Black Book" / "Bronzers" vs "Bronze" / "Book").

<u>Cover of the Book:</u>

 

34.     In addition, Defendants' The Bronze Book also copies the packaging form (unique book format), number of bronzers (eight), placement and configuration of bronzers and other design elements (circular configuration around a same golden wafer), as evidenced by the total look and feel when compared with Too Faced's The Book of Bronzers:

<u>Interior of Book:</u>

 

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

35.     Defendants' titles chosen for the eight circular bronzers also similarly evoke the same flirty themes originally created by Too Faced in The Book of Bronzers, including "Sunshine Girl" (corresponding to Too Faced's "Sun Bunny"), "Tan so Fine" (corresponding to "Milk Chocolate Soleil"), "Choco Glow" (corresponding to "Chocolate Soleil"), "Health" (corresponding to "Snow Bunny"), "Matte Mocha" (corresponding to "Dark Chocolate Soleil"), "Jungle" (corresponding to "Pink Leopard"), "Surfer Girl" (corresponding to "Beach Bunny"), and "Just Back From Baja" (corresponding to "Endless Summer").

36.     The strong and distinctive trade dress originally created and copied without authorization by Defendants creates confusion in customer and consumer minds as to Too Faced's association with The Bronze Book.  Both The Book of Bronzers and The Bronze Book relate to cosmetic goods, more specifically to the bronzer subset of cosmetic goods, and both The Book of Bronzers and The Bronze Book have a suggested price, without discounts due to sales or coupons, of $44.99 – $49.00.[3]  Defendants are thus directly advertising and selling cosmetics in the same market and to the same consumers as Too Faced.

37.     In addition to Defendants' The Bronze Book, Too Faced is informed and believes that Defendants also began knowingly and willfully copying the distinctive look and design elements of Cat Eyes, without obtaining authorization or license from Too Faced, in order to create, develop, market, and distribute unauthorized and infringing low quality products branded as "Foxy Feline" and "Onyx Eyes."  These look and design elements are neither commonplace in the industry, inexpensive compared to alternative designs, nor the only way to package or promote cosmetic products as evidenced by Cat Eyes being entirely unique in its look and feel.

---

[3] Sephora.com advertises The Book of Bronzers at $49.00, while Chrislie.com advertises The Bronze Book at $44.99.

11                      COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

38.     Foxy Feline contains the same trade dress features that were originally created by Too Faced for its Cat Eyes product, including, but not limited to, the same or confusingly similar font, color schemes, and 2D artwork on the cover of the product, , as evidenced by the copied use of pink color and placement for the brand name ("Too Faced" vs "Measurable Difference"), oval-shaped golden wafer having a black background aesthetic element in the center of the cover, animal-print remainder of the cover with a golden double-lined border, and the golden, all-capital, block-lettering font for the same-themed title ("Cat Eyes" vs "Foxy Feline").

<u>Cover of the Tin:</u>

 

39.     In addition, Defendants' Foxy Feline also copies the packaging form (unique tin box), number of cosmetic wells (nine), number and layout of cosmetic wells (three large wells on the left side and 6 small wells on the right side), and other design elements, such as the visibility of the animal print along the border of the opened product, as evidenced by the total look and feel when compared with Too Faced's Cat Eyes:

<u>Interior of the Tin:</u>

 

12                          COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

40.     Defendants' Onyx Eyes also copies the trade dress features that were originally created by Too Faced for its Cat Eyes product, including, but not limited to, the same or confusingly similar tin packaging form, number and placement of cosmetic wells (prominently advertised and displayed to consumers with the Onyx Eyes product in an opened configuration to showcase precisely this number and placement), font and color schemes, 2D artwork, and other design elements, as evidenced by the total look and feel when compared with Too Faced's Cat Eyes:

<u>Cover of the Tin:</u>

 

<u>Interior of the Tin:</u>

 

41.     The strong and distinctive trade dress originally created and copied without authorization by Defendants creates confusion in customer and consumer minds as to Too Faced's association with Foxy Feline and Onyx Eyes.  Both Cat Eyes and Foxy Feline / Onyx Eyes relate to cosmetic goods, more specifically to the eye shadow palette subset of cosmetic goods, and both Cat Eyes and Foxy Feline / Onyx Eyes have a

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

suggested price, without discounts due to sales or coupons, of roughly $36.00.[4] Defendants are thus directly advertising and selling cosmetics in the same market and to the same consumers as Too Faced.

42.     Too Faced is informed and believes and thereon alleges that as a result of Defendants' sale and distribution of the aforementioned The Bronze Book, Foxy Feline, and Onyx Eyes (collectively, the "Infringing Products") to consumers in California and elsewhere nationally, Defendants have derived economic benefit to the detriment of Too Faced.

43.     The natural, probable, and foreseeable result of the above conduct by Defendants has been to deprive Too Faced of revenue, to damage Too Faced's goodwill, and to impose substantial expenses on Too Faced to counteract the Defendants' conduct.

44.     Defendants have been unjustly enriched by their use, sale, and distribution of the Infringing Products.

45.     Too Faced is informed and believes that unless enjoined by this Court, Defendants intend to continue this course of conduct, and to wrongfully use, infringe upon, and otherwise profit from the sale and distribution of the Infringing Products.

46.     As a result of the above conduct by Defendants, Too Faced has already and continues to suffer irreparable damage and sustain lost profits.  Too Faced has no adequate remedy at law to redress all of the injuries Defendants have caused, continue to cause, and intend to cause by the above conduct.  Too Faced will continue to suffer irreparable damage and sustain lost profits until the Defendants' actions alleged above are enjoined by this Court.

---

[4] Sephora.com lists Cat Eyes at $36.00, while Chrislie.com lists Foxy Feline at $35.99 and Onyx Eyes at $35.99.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

# FIRST CLAIM FOR RELIEF

## FEDERAL TRADE DRESS INFRINGEMENT / FEDERAL UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a)

47.     Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

48.     Too Faced's The Book of Bronzers and Cat Eyes products incorporate numerous non-functional and distinctive design features.  Too Faced has valid and existing rights in the trade dress, the non-functional, distinctive features, which distinguish The Book of Bronzers and Cat Eyes from other competitors' products.

49.     The trade dress incorporated into Too Faced's Products is also inherently distinctive, arbitrary, fanciful, and/or has acquired a secondary meaning.  As a result of Too Faced's constant and extensive use of the trade dress described above, and as a result of Too Faced's widespread advertising in various media outlets, the trade dress of The Book of Bronzers and Cat Eyes are now identified with Too Faced in the public mind.

50.     Too Faced is informed and believes that Defendants have adopted the total image, design, and appearance of Too Faced's Products and are producing and selling Infringing Products that are strikingly similar to Too Faced's Products and are so identical to Too Faced's Products that Too Faced's customers, and the consuming public, have confused, and are confusing, Defendants' Infringing Products with the genuine The Book of Bronzers and Cat Eyes of Too Faced.

51.     Too Faced is informed and believes Defendants have sold The Bronze Book with infringing trade dress after Too Faced's first use of the trade dress in The Book of Bronzers.

52.     Too Faced is informed and believes Defendants have sold Foxy Feline with infringing trade dress after Too Faced's first use of the trade dress in Cat Eyes.

53.     Too Faced is informed and believes Defendants have sold Onyx Eyes with infringing trade dress after Too Faced's first use of the trade dress in Cat Eyes.

54.    Too Faced is informed and believes that Defendants were fully aware, at the time they adopted the infringing trade dress, of Too Faced's use of the trade dress in The Book of Bronzers and Cat Eyes.  Too Faced is informed and believes that Defendants intentionally designed the trade dress to be confusingly similar to Too Faced's trade dress in an effort to willfully and unfairly to trade on Too Faced's goodwill.

55.    Defendants' Infringing Products directly compete with the genuine The Book of Bronzers and Cat Eyes of Too Faced and are sold in the same geographical areas.

56.    Defendants' marketing, advertising, and sale of the Infringing Products, which bear the confusingly similar trade dress of Too Faced's Products, is false and misleading, which has caused and will continue to cause confusion and mistake and will deceive customers and the public as to an affiliation, connection or association of Defendants' Infringing Products with Too Faced.  Defendants' conduct has resulted in, and continues to result in, damage to Too Faced's goodwill and reputation, and unjustly enriches Defendants at the expense of Too Faced.

57.    Defendants' wrongful acts have damaged, and continue to damage, Too Faced in an amount to be proven at the time of trial.

58.    Too Faced has suffered, and continues to suffer, irreparable damage as a result of Defendants' conduct for which monetary damages are an inadequate remedy and this damage will continue unless the Court permanently enjoins and restrains Defendants' willful infringement of Too Faced's trade dress.

## SECOND CLAIM FOR RELIEF

## COMMON LAW TRADE DRESS INFRINGEMENT

59.    Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

60.    Too Faced's Products incorporate numerous non-functional and distinctive design features.  Too Faced is informed and believes that Defendants have adopted the total image, design, and appearance of Too Faced's Products and are producing and selling the

Infringing Products that is strikingly similar to Too Faced's Products and is so identical to Too Faced's Products that Too Faced's customers, and the consuming public, have confused, and are confusing, Defendants' Infringing Products with the genuine The Book of Bronzers and Cat Eyes from Too Faced.

61.     Such blatant use of Too Faced's trade dress in conjunction with the distribution, sale, and/or offer for sale of Defendants' Infringing Products constitutes infringement of Too Faced's trade dress rights under the common law.

62.     As a result of Defendants' conduct, Too Faced has suffered, and will continue to suffer, damages in an amount to be proven at the time of trial.

63.     As a result of Defendants' unauthorized use of Too Faced's trade dress in conjunction with the distribution, sale, and/or offer for sale of Defendants' Infringing Products, Defendants have damaged and, unless restrained and enjoined by this Court, will continue to damage, Too Faced's goodwill and reputation and have caused, and are likely to continue to cause, a loss of profits for Too Faced.

64.     Defendants' conduct has caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm to Too Faced and to the public, who is confused by Defendants' infringing products.  Too Faced has no adequate remedy at law to prevent Defendants from continuing their infringing conduct and from injuring Too Faced and the public.

65.     As a further result of Defendants' actions, Too Faced has been damaged, and will continue to sustain damage, and is entitled to receive compensation arising from its lost profits and efforts necessary to minimize and/or prevent customer and consumer confusion in an amount to be proven at the time of trial.  In addition, Too Faced is entitled to disgorge Defendants' profits, and is entitled to interest and to its attorneys' fees and costs in bringing this action, all in an amount to be proven at the time of trial. Plaintiff is further entitled to injunctive relief as described above, and to all other and further forms of relief this Court deems appropriate.

## THIRD CLAIM FOR RELIEF

## FALSE ADVERTISING IN VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17500, *et seq.*

66.    Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

67.    The conduct of Defendants is unfair and unlawful and violate California statutory law, including, without limitation, California Business and Professions Code §§ 17500, *et seq.*

68.    As a result of Defendants' false and misleading advertising, potential and actual consumers have been, and will continue to be, misled about the source and legitimacy of the Infringing Products, which is being wrongfully marketed, advertised, and sold in association with Too Faced's trade dress.  Defendants knew or should have known that the advertising was untrue and/or misleading.

69.    As a result of the above conduct, Defendants have been, and will continue to be, unjustly enriched in profits, income, and ill-gotten gains at the expense of Too Faced and consumers.

70.    As a further result of the above conduct, Too Faced has been, and will continue to be, unjustly deprived of the full value of the goodwill and public image associated with its trade dress.

71.    The wrongful conduct of Defendants, unless restrained and enjoined by order of this Court, will cause great and irreparable injury to the general public and to Too Faced, its business, reputation, and goodwill.  Too Faced has no adequate remedy at law for the injuries that have been or will continue to be sustained in this action.

## <u>FOURTH CLAIM FOR RELIEF</u>

## **UNFAIR BUSINESS PRACTICES IN VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200, *et seq.***

72.    Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

73.    The Defendants have engaged in unlawful business practices within the meaning of California Business and Professions Code §§ 17200, *et seq.* when engaging in the conduct alleged in this Complaint.  This conduct includes, without limitation, Defendants' unauthorized use and/or infringement of Too Faced's trade dress in connection with the marketing, advertising, promotion, offering for sale, and selling of their Infringing Products.

74.    Such conduct is "unlawful" within the meaning of California Business & Professions Code § 17200, *et seq.* because it rises to the level of being fraudulent, unfair, and deceptive.

75.    Such conduct is "fraudulent" within the meaning of California Business & Professions Code § 17200, *et seq.* because it creates a situation where Too Faced's prospective customers are likely to be deceived.

76.    Such conduct is "unfair" within the meaning of California Business & Professions Code § 17200, *et seq.* because they offend public policy and are immoral, unethical, oppressive, and unscrupulous, and this harm far outweighs any utility of the conduct to Defendants.

77.    As a result of the Defendants' unlawful, fraudulent, unfair, and deceptive conduct, Too Faced has suffered, and will continue to suffer, economic losses in an amount to be proven at trial, but which is in excess of the minimum jurisdiction of this Court.

78.    Too Faced seeks to enjoin Defendants from continuing to engage in the above unlawful, fraudulent, unfair, and deceptive conduct.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

79.     Too Faced also seeks an order that Defendants restore to the general public all funds acquired by the above unlawful, fraudulent, unfair, and deceptive conduct.

80.     Too Faced also seeks to recover its actual damages resulting from Defendants' unlawful, fraudulent, unfair, and deceptive conduct in an amount to be proven at trial.

81.     As a result of Defendants' conduct, Too Faced is entitled to recover costs of this action and reasonable attorneys' fees pursuant to statute, including, but not limited to, California Code of Civil Procedure § 1021.5.

## FIFTH CLAIM FOR RELIEF

## COMMON LAW COPYRIGHT INFRINGEMENT

82.     Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

83.     The Defendants have infringed and will continue to infringe Too Faced's copyrights in and relating to Too Faced's Products by copying, counterfeiting, distributing, selling, and/or offering for sale infringing low quality products and product packaging containing reproductions of Too Faced's Products without authorization from Too Faced.

84.     Too Faced is entitled to an injunction restraining Defendants, and all persons acting in concert with them, from engaging in further such conduct in violation of the copyright laws.

85.     Too Faced is further entitled to recover from Defendants the gains, profits, and advantages the Defendants have obtained as a result of their wrongful conduct.  Too Faced is, at present, unable to ascertain the full extent of the gains, profits, and advantages Defendants have obtained by reason of their wrongful conduct.

86.     Too Faced is also entitled to damages for Defendants' willful and continued infringement of Too Faced's Products pursuant to the copyright laws.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

## SIXTH CLAIM FOR RELIEF

### UNJUST ENRICHMENT

87.    Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

88.    As a result of its conduct in selling the Infringing Products, Defendants have been unjustly enriched and, at the same time, are causing a loss of revenue to Too Faced to its detriment.

89.    Too Faced is entitled to recover from the Defendants their unjust enrichment including gains, profits, and advantages they have obtained as a result of their wrongful conduct.  Too Faced is, at present, unable to ascertain the full extent of the gains, profits, and advantages Defendants have obtained by reason of their wrongful conduct.

## SEVENTH CLAIM FOR RELIEF

### DEMAND FOR ACCOUNTING

90.    Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

91.    Too Faced has an interest in all monies generated from the exploitation of its exclusive rights to its trade dress and copyrights in Too Faced's Products.

92.    Too Faced is informed and believes that Defendants have generated an undetermined, yet substantial amount of money, due to their unlawful commercial exploitation of Too Faced's trade dress and copyrights.

93.    The amount of money due from the Defendants is unknown to Too Faced and cannot be ascertained without an accounting of all of the Defendants' financial records related to the sales generated through their infringing and unlawful activities.

94.    As a result of Defendants' actions, Too Faced has been damaged in an amount to be proven after an accounting has been conducted.  Accordingly, Too Faced hereby requests that the Court order an accounting of all of Defendants' financial records related

to the infringing activities in order to determine the sums rightfully due to Too Faced.

Furthermore, Too Faced demands that those sums be paid to them accordingly.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against the Defendants for the following:

1. That each of the Defendants be required to account for all gains, profits, and advantages derived from their acts of infringement and for their other violations of law.

2. That all gains, profits, and advantages derived by each of the Defendants of their acts of infringement and other violations of law be deemed to be in a constructive trust for the benefit of Plaintiff.

3. That Plaintiff be awarded prejudgment interest at the legal rate pursuant to California Civil Code § 3336.

4. That the Court declare this an exceptional case per 15 U.S.C. § 1117(a).

5. That Plaintiff be awarded exemplary / punitive damages.

## ON THE FIRST CLAIM FOR RELIEF

6. For an order enjoining each of the Defendants from engaging in acts which are false, misleading, and deceptive within the meaning of 15 U.S.C. § 1125(a).

7. For compensatory damages according to proof at the time of trial.

8. For reasonable attorneys' fees and costs incurred herein pursuant to 15 U.S.C. § 1117(a).

9. Such other and further relief at law or in equity, to which the Court deems just and proper.

## ON THE SECOND CLAIM FOR RELIEF

10. For an order enjoining each of the Defendants from engaging in acts of infringement.

11. For compensatory damages according to proof at the time of trial.

12. For reasonable attorneys' fees and costs incurred.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

13.     Such other and further relief at law or in equity, to which the Court deems just and proper.

## ON THE THIRD CLAIM FOR RELIEF

14.     For an order enjoining each of the Defendants from engaging in acts which are unlawful, fraudulent, unfair, and deceptive within the meaning of California Business & Professions Code § 17500.

15.     For an order that each of the Defendants restore to the general public all funds acquired through its schemes of economic and business duress which are unlawful, fraudulent, unfair, and deceptive within the meaning of California Business & Professions Code § 17500.

16.     Attorneys' fees and costs of suit incurred pursuant to California Code of Civil Procedure § 1021.5.

17.     For an award of compensatory damages according to proof at the time of trial.

18.     Such other and further relief at law or in equity, to which the Court deems just and proper.

## ON THE FOURTH CLAIM FOR RELIEF

19.     For an order enjoining each of the Defendants from engaging in acts which are unlawful, fraudulent, unfair, and deceptive within the meaning of California Business & Professions Code § 17200.

20.     For an order that each of the Defendants restore to the general public all funds acquired through its schemes of economic and business duress which are unlawful, fraudulent, unfair, and deceptive within the meaning of California Business & Professions Code § 17200.

21.     Attorneys' fees and costs of suit incurred pursuant to California Code of Civil Procedure § 1021.5.

22.     For an award of compensatory damages according to proof at the time of trial.

23.     Such other and further relief at law or in equity, to which the Court deems just and proper.

## ON THE FIFTH CLAIM FOR RELIEF

24.     For an order that each of the Defendants has infringed Plaintiff's copyrights in The Book of Bronzers.

25.     For an order that each of the Defendants, their directors, officers, agents, servants, employees, and all other persons in active concert or privity or in participation with them, be enjoined from directly or indirectly infringing Plaintiff's copyrights in Too Faced's Products.

26.     For an order that each of the Defendants, their directors, officers, agents, servants, employees, and all other persons in active concert or privity or in participation with them, return to Plaintiff and originals, copies, facsimiles, reproductions, or duplicates of any work shown by the evidence to infringe any of Plaintiff's copyrights.

27.     For an order that each of the Defendants deliver upon oath, to be impounded during the pendency of this action, and for destruction pursuant to judgment herein, all originals, copies, facsimiles, reproductions, or duplicates of any work shown by the evidence to infringe any of Plaintiff's copyrights.

28.     For an order that each of the Defendants be required to file with the Court and to serve on Plaintiff, within 30 days after service of the Court's order as herein prayed, a report in writing under oath setting forth in detail the manner and form in which Defendants complied with the Court's order.

29.     That judgment be entered for Plaintiff and against each of the Defendants for Plaintiff's actual damages according to proof, and for any additional profits attributable to infringements of Plaintiff's copyright, in accordance with proof.

30.     That judgment be entered for Plaintiff and against each of the Defendants for damages based upon Defendant's willful acts of infringement of Plaintiff's copyrights.

31.     That Plaintiff be awarded attorneys' fees and costs of suit.

32.     Such other and further relief at law or in equity, to which the Court deems just and proper.

### ON THE SIXTH CLAIM FOR RELIEF

33.     For an award of compensatory damages according to proof at the time of trial.

34.     Such other and further relief at law or in equity, to which the Court deems just and proper.

### ON THE SEVENTH CLAIM FOR RELIEF

35.     That the Court order an independent accountant to conduct an accounting of all of each of the Defendants' financial records relating to the infringing activities in order to determine the sums of money owed to Plaintiff.

36.     Upon a determination of sums due to Plaintiff, demand is made that those sums be paid to Plaintiff.

37.     Interest at the maximum legal rate from the date said sums were due.

38.     Such other and further relief at law or in equity, to which the Court deems just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by jury.

DATED: January 8, 2016                    GREENBERG TRAURIG, LLP


                                          By */s/ Shaun A. Hoting*
                                          J. Rick Taché (CA Bar No. 195100)
                                          Susan S. Heller (CA Bar No. 160539)
                                          Shaun A. Hoting (CA Bar No. 260656)
                                          Erikson C. Squier (CA Bar No. 275274)

                                          Attorneys for Plaintiff,
                                          Too Faced Cosmetics, LLC

*OC 287491241v8*

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF